GEORGE E. SNYDER ASSOCIATES, INC., *v.* CURTIS.

1. CONTRACTS—CONSULTING ENGINEERS—BUILDING INSPECTION—CON-
FLICT OF INTEREST.

Plaintiff firm of consulting engineers were not in a conflict of
interest which prevented their faithful performance of contract
duties owed defendants where plaintiff's services to city build-
ing inspector with regard to inspection of defendants' hotel
building were terminated before plaintiff entered contract with
defendants to prepare plans for remodeling of same hotel.

2. SAME—CONSULTING ENGINEERS—FIRE MARSHAL REQUIREMENTS—
DUTY OF INQUIRY.

Plaintiff firm of consulting engineers *held,* under no duty to make
inquiry into and advise defendants of State fire marshal's re-
quirements regarding installation of prohibitively expensive
sprinkler system in defendants' hotel where contract between
plaintiff and defendants provided for plans for renovation of
hotel but did not expressly include plans for installation of
sprinkler system and where under the facts of the case no such
agreement could be implied.

Appeal from Wayne, Foley (Thomas J.), J. Sub-
mitted Division 1 April 8, 1968, at Detroit. (Docket
No. 2,990.) Decided October 21, 1968.

Complaint by George E. Snyder Associates, In-
corporated, a Michigan corporation, against Samuel
H. Rubin, and Phyllis Rubin, his wife, and Maurice
Curtis and Lillian Curtis, his wife, for sums due

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 3 Am Jur 2d, Agency § 220 *et seq.*

under contract for professional services. Action dismissed as to Phyllis Rubin and Lillian Curtis. Judgment for plaintiff. Defendants appeal. Affirmed.

*J. D. Owens,* for plaintiff.

*Samuel H. Rubin, in propria persona,* **and for** defendant Maurice Curtis.

Per Curiam. The trial judge, sitting without a jury, found that the defendants engaged the plaintiff to make certain engineering studies and plans preparatory to repairing defendants' hotel in Jackson, Michigan, that the work was performed and that the plaintiff should recover $1,050 for that work. Defendants appeal.

It appears that the plaintiff had inspected the defendants' hotel for the city of Jackson at the city's request shortly before entering upon the undertaking for the defendants which is the subject matter of this suit. The defendants were not residents of Jackson. There was evidence that their local manager first approached the plaintiff and introduced the plaintiff to the defendants, although this was disputed. The defendants argued at the time of trial and now on this appeal that there was a conflict of interest since the plaintiff had inspected the hotel for the city and the engineering studies and plans the plaintiff was to make for the defendants were required in regard to code requirements which the city was seeking to enforce against the defendants. The defendants assert the alleged conflict of interest prevented the plaintiff from serving the defendants' interest with complete loyalty and single-minded purpose, and, therefore, the plaintiff should be denied any recovery. The trial judge

found, however, that the plaintiff did not represent the interests of the city of Jackson when he represented the defendants and that the plaintiff was not guilty of attempting to serve two masters.

We have examined the record and find no clear error in the trial judge's findings.

The letter agreement of November 1, 1957, between the plaintiff and the defendants detailed the work the plaintiff was to perform. The plaintiff was not required by the agreement to inquire of the State fire marshal concerning his requirements. Nevertheless, the defendants claim the plaintiff should have informed himself of the fire marshal's requirements promptly after commencing work. The defendants assert that if the plaintiff had done so he would have learned that the fire marshal would take the position, as subsequently he did, that a prohibitively expensive fire sprinkler system should be installed. The defendants contend that if they had been informed before the plaintiff had gone far with the work contemplated by the November 1, 1957, agreement that such a sprinkler system would be required, they would have asked the plaintiff to cancel whatever work had not been done under the November 1, 1957, agreement, thereby saving themselves the cost of such work that had not then been done.

We conclude from our examination of the correspondence between the parties and the rest of the record that the obligation of inquiry and advice regarding the fire marshal's requirements the defendants seek to impose upon the plaintiff by implication may not properly be imposed in this case. We also note that after the defendants had learned of the fire marshal's requirements the plaintiff continued, with the defendants' approval, to perform services for the defendants in an effort to achieve

by negotiation a change in those requirements. When these efforts failed, the hotel was abandoned and later torn down.

Affirmed. Costs to appellee.

HOLBROOK, P. J., and LEVIN and PRATT, JJ., concurred.